IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS EUGENE SMITH, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 22-1523 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 1 |
| MICHAEL ZAKEN, ZAPPALA A. | ) |
| STEPHEN, *District Attorney of the County of* | ) |
| *Allegheny*, and ATTORNEY GENERAL | ) |
| JOSH SHAPIRO, *Attorney General of the* | ) |
| *State of Pennsylvania*, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Pending before the Court is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Marcus Eugene Smith ("Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections. ECF No. 1. Petitioner seeks to challenge the sentence imposed following his conviction on August 23, 2012, for, *inter alia*, murder of the first degree, in the Court of Common Pleas of Allegheny County, Pennsylvania, at docket number CP-02-CR-0002575-2011.

For the reasons stated herein, the Petition will be dismissed, and a certificate of appealability will be denied.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 5, 15.

1

## I. PROCEDURAL BACKGROUND

Petitioner was sentenced on October 3, 2012. He filed a direct appeal from the judgment of sentence and the Superior Court of Pennsylvania affirmed on October 14, 2014. Commonwealth v. Smith, 108 A.3d 113 (Pa. Super. 2014) (unpublished memorandum). On May 1, 2015, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. Commonwealth v. Smith, 114 A.3d 416 (Pa. 2015).

On February 26, 2016, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541 *et seq*. The trial court, now the PCRA court, denied the petition on October 11, 2016. Petitioner filed an appeal, but the Superior Court dismissed the appeal on March 3, 2017, for failure to file a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517. Petitioner did not seek further review in the Supreme Court of Pennsylvania.

Petitioner initiated the present federal habeas action by filing the Petition on October 23, 2022. ECF No. 1 at 16. See also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

Respondents filed an Answer. June 14, 2024. ECF Nos. 8-10. Petitioner filed a Reply. ECF No. 12. The Petition is ripe for consideration.

## II. ANALYSIS

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of

2

the Constitution…of the United States." 28 U.S.C. § 2254(a). Importantly, errors of state law are not cognizable. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. See, e.g., Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 848-49 (3d Cir. 2017).

B. **Petitioner's Claims**

Petitioner purports to set forth two grounds for relief: (1) a violation of the Fourteenth Amendment; and (2) actual innocence. However, the second ground is not a claim itself, but is advanced as the basis for this Court to excuse any untimeliness and/or default of the first ground.[2] ECF No. 1 at 34. Accordingly, Petitioner only raises one substantive ground for relief.

Petitioner's sole claim is based on the Superior Court's dismissal of his PCRA appeal. He claims that the court sent a "belated" notice to comply with its rules which Petitioner did not receive in a timely manner, thus causing a breakdown in the adversary process, as well as a violation of his Fourteenth Amendment rights to fundamental fairness and equal protection. Id. at 30. This claim is not cognizable in this federal habeas proceeding.

The United States Court of Appeals for the Third Circuit has held that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998). Thus, "habeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . It is the original trial that is the 'main event'

---

[2] To the extent that Petitioner elsewhere in his petition purports to raise a freestanding claim of actual innocence, no such claim is cognizable in federal proceedings in a non-capital case. Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007) (citing Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)).

for habeas purposes." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). Here, Petitioner's claim, based on an event occurring in the litigation of his petition for collateral review, is not cognizable.

Further, as Respondents point out, ECF No. 8 at 27, the Superior Court's dismissal was based on a state rule of appellate procedure, and this Court has no authority to review a state court's application of state law, including its rules of appellate procedure. Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("[f]ederal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle, 502 U.S. at 68).

For these reasons, Petitioner has failed to assert a cognizable claim in the instant Petition, and he is not entitled to habeas relief. Therefore, the Petition will be dismissed.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate Order follows.

Dated: December 8, 2025

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Marcus Eugene Smith
      KX-5907
      SCI Phoenix
      1200 Mokychic Drive
      Collegeville, PA 19426

Marcus Eugene Smith
KX-5907
SCI Fayette
50 Overlook Drive
La Belle, PA  15450